# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8698 | **DATE** | 12/31/2002 |
| **CASE TITLE** | | Henry vs. O'Keefe | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached order, the Court grants plaintiffs' fee petition and awards plaintiffs attorney's fees and expenses in the amount of $27,007.43.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JAN 08 2003 | |
| | Notified counsel by telephone. | date docketed | 33 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER HENRY and O'KEEFE-
HENRY DIRECT, INC.,

    Plaintiffs,

vs.

JEAN O'KEEFE and O'KEEFE
DIRECT MARKETING, INC.,

    Defendant.

Case No. 01 C 8698

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a bench trial, the Court found in favor of plaintiffs on their breach of contract claim against defendants (Count 1 of their complaint) and in favor of defendants on plaintiffs' claims under the Lanham Act (Count 3), the Illinois Deceptive Trade Practices Act (Count 4), the Illinois Consumer Fraud and Deceptive Business Practices Act (Count 5), and for common law unfair competition and trademark infringement (Count 6). *See Henry v. O'Keefe*, No. 01 C 8698, 2002 WL 31324049 (N.D. Ill. Oct. 18, 2002). The latter four claims were tried based on a common theory. *See id.* at *8. Count 2, another Lanham Act claim, was voluntarily dismissed by plaintiffs.

The contract that was the subject of Count 1 contained a provision which stated:

Attorneys' fees: In the event that any party to this agreement incurs attorneys' fees and costs to enforce his/her/their respective rights due to a breach by a party to this Agreement, the party enforcing its rights under this agreement shall be entitled to payment of such attorneys' fees and costs from the party who has breached the Agreement.

Plaintiffs' Fee Petition, Ex. A. The Court has previously ruled that plaintiffs are entitled to recover their attorney's fees and costs under the contract. *Henry*, 2002 WL 31324049, at *8.

The parties agree that recoverable fees and costs are limited to those incurred in enforcing the contract and do not include those incurred in pursuing plaintiffs' remaining claims. Plaintiffs state that through the conclusion of the case, including the briefing of the fee petition, they incurred a total of $53,961.25 in attorney's fees and $1,528.62 in expenses, for a total of $55,489.87. Defendants do not dispute these figures, nor do they challenge the hourly rates claimed by plaintiffs' counsel. Rather, the dispute concerns the proportion of the fees attributable to the breach of contract claim.

Plaintiffs contend that their fees and expenses are attributable one-half to the contract claim and one-half to the remaining claims. Defendants argue that only one-tenth of the total amount should be awarded; they point out that the contract claim was only one of six claims, and they argue that plaintiffs achieved only limited success on that one claim. The Court rejects both of these arguments. First of all, as noted earlier, the four non-contract claims that were tried all involved a common legal theory; they essentially amounted to four ways of saying the same thing. Thus the case did, as plaintiffs argue, divide into two parts, not five or six. Second, though there arguably were more legal issues involved in the non-contract claims, thus requiring more legal research, the breach of contract claim was more fact-oriented and thus took up most of the time and effort during discovery and at trial. Though, as one district judge has noted, "[d]etermining an appropriate [fee] award is not an exact science," *In re Computron Software, Inc.*, 6 F. Supp. 2d 313, 321 (D.N.J. 1998), the Court agrees with plaintiff that a 50-50 split of the total attorney's fees and expenses through the conclusion of the trial results in a fair

2

approximation of the amount properly attributable to the breach of contract claim. Thus through the conclusion of the trial plaintiffs are entitled to recover one-half of $48,114.87 (consisting of attorney's fees of $46,586.25 and expenses of $1,528.62), or $24,057.43.

Plaintiffs are entitled to recover all of the attorney's fees they reasonably incurred following the Court's ruling, as these fees were all related to the breach of contract claim. After trial, defendants moved for reconsideration, and plaintiffs then had to file and brief their fee petition. The Court does not believe, however, that all of these fees were *reasonably* incurred. First, the Court did not order or request plaintiffs to respond to defendants' motion for reconsideration, and indeed we ruled on the motion before receiving plaintiffs' response. Plaintiffs had no reason to incur this expense unless and until they were directed to respond to the motion. Second, it appears from plaintiffs' attorneys' time records that they charged approximately $2,235 preparing the fee petition (1.5 hours of Mr. Levinson's time at $425 per hour, 8.5 hours of Mr. Chronowski's time at $180 per hour, and 0.5 hours of Mr. Clark's time at $160 per hour). This is unreasonably excessive by perhaps one-third; the petition was a straightforward five and one-half page memorandum that involved no contested legal issues. Third, plaintiffs estimate a similar amount, $2,250, for their reply on the fee petition. This is unreasonably excessive by a similar amount. The Court will award a total of $2,950 for the preparation and briefing of the fee petition. The total award of attorney's fees and expenses is $27,007.43.

The Court declines to reduce the award based on defendants' argument that plaintiffs achieved only limited success on the breach of contract claim. The contract provides no basis to make such a reduction, and in any event plaintiffs achieved most of what they sought on that

3

claim.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' fee petition and awards plaintiffs attorney's fees and expenses in the amount of $27,007.43.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 31, 2002